19 F.3d 34
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Janet M. GALLOWAY, Defendant-Appellant.
 No. 92-6030.
 United States Court of Appeals, Tenth Circuit.
 March 28, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. We are satisfied that we have jurisdiction over this appeal of the denial of a postjudgment motion to return property, see DiBella v. United States, 369 U.S. 121, 131-32 (1962), and hence deny the government's motion to dismiss for lack of jurisdiction.
 
 
 2
 Defendant Janet M. Galloway appeals the district court order vacating its earlier decision requiring the government to return to her an electronic scale. The only issue on appeal is whether the district court's decision to vacate its order in deference to the administrative forfeiture proceedings was an abuse of the court's exercise of its equitable jurisdiction.
 
 
 3
 After conviction and sentencing for possession of heroin with an intent to distribute and settlement of a related civil forfeiture case, defendant moved for the return of her electronic scale. Following a hearing, the district court ordered the government "to take whatever action to begin administrative forfeiture" within fifteen days or return the scale to defendant. Appellee's App. 72. Within a week, agents for the Drug Enforcement Administration in Oklahoma filled out the required paperwork to commence forfeiture proceedings and forwarded that documentation to Washington for processing and publication of notice. Id. at 54-57. Twenty days after the district court hearing, the defendant filed a motion for return of the scale. Apparently, this motion was not served on the government. Based upon the defendant's uncontested representation that no action had been taken, the district court ordered return of the scale. Soon after entry of that order the government moved for reconsideration and vacation of the order on the grounds that forfeiture proceedings had begun within the court-imposed fifteen-day time period. When satisfied by the government's motion for reconsideration that action to begin forfeiture proceedings commenced before the prescribed deadline, the district court vacated its prior order and deferred to the ongoing forfeiture proceedings.
 
 
 4
 "[A] motion for return of property, whether based on Rule 41(e) or a court's general equitable jurisdiction, is governed by equitable principles." Floyd v. United States, 860 F.2d 999, 1002 (10th Cir.1988). Absent an abuse of discretion, the district court's exercise of its equitable jurisdiction will not be disturbed. Purrington v. University of Utah, 996 F.2d 1025, 1030 (10th Cir.1993).
 
 
 5
 On appeal, we cannot conclude that the district court stepped outside the bounds of its equitable jurisdiction or abused its discretion in application of equitable principles when it vacated an order predicated upon an incomplete factual record. The district court's discretionary decision that the government "initiated" proceedings "as required," see Appellee's App. 58, does not run afoul of our decision in Floyd where the forfeiture proceedings were not viewed as having been "instituted" until "formal notice" issued. "[A]pplication of equitable doctrines rests in the sound discretion of the district court." McKinney v. Gannett, Co., 817 F.2d 659, 670 (10th Cir.1987). The district court correctly concluded that the defendant had an adequate legal remedy in the statutory civil forfeiture proceedings. The civil forfeiture proceeding is the appropriate forum to challenge both the substantive basis for the deprivation of defendant's property as well as any deprivation of constitutional rights. See, e.g., United States v. Eight Thousand Eight Hundred and Fifty Dollars, 461 U.S. 555 (1983). Of course, those proceedings are subject to review once resolved.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470