25 F.3d 1059
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE OHAUS DIGITAL ELECTRONIC SCALE, Defendant,
Janet M. Galloway, Claimant-Appellant.
 No. 92-6409.
 United States Court of Appeals, Tenth Circuit.
 June 1, 1994.
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Janet M. Galloway appeals from an order granting plaintiff the United States of America's motion for summary judgment in this forfeiture action. She argues that the district court erred in concluding the government timely initiated forfeiture proceedings. We conclude the district court did not err, and we affirm.
 
 
 4
 The Drug Enforcement Administration (DEA) seized defendant Ohaus digital electronic scale on July 21, 1990, during execution of a search warrant at claimant Galloway's home. The scale was held as evidence in claimant's criminal prosecution as well as in a civil forfeiture proceeding brought against a vehicle owned by claimant. On November 13, 1990, claimant pleaded guilty to possession of heroin with intent to distribute, in violation of 21 U.S.C 841(a)(1). The civil forfeiture action was concluded on July 1, 1991.
 
 
 5
 On August 14, 1991, claimant filed a motion in the criminal case for return of the scale, contending that the scale was not contraband per se and thus was not summarily forfeited under 21 U.S.C. 881(f).[2] A hearing was held on October 31, 1991. The district court ordered that within fifteen days the government must either begin forfeiture proceedings against the scale or return it to the claimant. That order has not been included in the record.
 
 
 6
 The government forwarded paperwork to institute administrative forfeiture proceedings to Washington, D.C., within fifteen days of October 31, but did not publish notice of administrative forfeiture in accordance with 19 U.S.C. 1607 until January 15, 1992.
 
 
 7
 Claimant moved to compel the return of the scale, representing that the government had neither initiated forfeiture proceedings nor returned the scale within fifteen days of October 31. Based on claimant's representations, on December 19, 1991, the court ordered that the scale be returned to claimant. The government moved for reconsideration, contending it had not been served with claimant's motion to compel. The court agreed that the government had timely initiated forfeiture proceedings, and vacated its December 19 order. We recently affirmed that order in United States v. Galloway, No. 92-6030, 1994 WL 97055 (10th Cir. Mar. 28, 1994).
 
 
 8
 While that appeal was pending, on April 3, 1993, the government commenced the present civil forfeiture action to enforce 21 U.S.C. 881(a)(2).[3] Both parties moved for summary judgment. The district court granted the government's motion, concluding that the government did not unreasonably delay the commencement of the forfeiture, and did not violate the October 31 order.[4]
 
 
 9
 We review a summary judgment de novo, applying the same legal standard as the district court. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate "if ... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As neither party disputes the material facts, we review whether the government was entitled to a judgment as a matter of law.
 
 
 10
 The government bears the initial burden in a forfeiture proceeding of establishing probable cause for the institution of the action. United States v. $149,442.43 in United States Currency, 965 F.2d 868, 876 (10th Cir.1992). Once probable cause has been shown, the claimant has the burden of proving that the forfeiture does not fall within the statute. Id.
 
 
 11
 Claimant concedes that the government had probable cause for the forfeiture, and even admits that the scale was used or intended for a use in violation of the Controlled Substances Act. R. Vol. I, doc. 20 at 3. She does not challenge the district court's conclusion that the delay between the seizure and the hearing on the forfeiture did not violate her due process rights. See United States v. $8,850 in United States Currency, 461 U.S. 555, 564 (1983).[5] Her sole defense is that the forfeiture was not commenced within fifteen days of October 31, 1991, as ordered by the court.
 
 
 12
 Claimant contends that because the district court did not give any particular meaning to the term "commence" in its October 31 order, the term must be interpreted in accordance with Floyd v. United States, 860 F.2d 999, 1008 (10th Cir.1988). In Floyd, we were asked to decide when an administrative forfeiture had been commenced because the government argued that the district court lost jurisdiction over the claimant's Fed.R.Crim.P. 41(e) motion for return of property upon commencement of a forfeiture. Id. at 1007-08. We concluded that the forfeiture commenced upon publication of notice, rather than when paperwork is forwarded to Washington, D.C. Id. at 1008.
 
 
 13
 We reject claimant's attempt to use Floyd 's discussion of when a forfeiture commences as a basis for dismissing the forfeiture. The district court stated,
 
 
 14
 When I ruled on October 31, 1991, that the government should commence forfeiture proceedings within fifteen days, I was not speaking in a technical sense. I intended that the DEA begin necessary steps to initiate the forfeiture, not that the government strictly "commence" the forfeiture as that term is used in Floyd v. United States, 860 F.2d 999 (10th Cir.1988), by publication.
 
 
 15
 R. Vol. I, doc. 26 at 2. The district court surely knows more about the meaning of its own order than we do. See G.J.B. & Assocs., Inc. v. Singleton, 913 F.2d 824, 831 (10th Cir.1990). We see no reason to question its judgment.
 
 
 16
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 This section provides in part that certain items "shall be deemed contraband and seized and summarily forfeited to the United States." 21 U.S.C. 881(f)(1)
 
 
 [3]
 This section provides that all equipment used in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of the Controlled Substances Act (Act) is subject to forfeiture to the United States
 
 
 [4]
 Despite the district court's allegedly incorrect framing of the issue, it decided the issue claimant contends should have been decided--whether the government commenced the forfeiture within fifteen days of October 31, 1991
 
 
 [5]
 There is no question the forfeiture action was commenced within the five-year statute of limitations. 19 U.S.C. 1621 (as applied to drug forfeitures pursuant to 21 U.S.C. 881(d))